## MALADY v. McENARY.

30  273|<br>|138   84|

PLEADING.—*Complaint.*—*Prayer for Relief.*—The fact that one of the paragraphs of a complaint contains no prayer for relief does not render it insufficient, if the complaint contains a demand of the relief to which the plaintiff may suppose himself entitled.

RESULTING TRUST.—*Statute.*—If a husband fraudulently take a conveyance of real estate in his own name, the consideration having been paid by his wife, a trust thereby results in favor of the latter. The statute (1 G. & H. 651, secs. 6, 8) does not change this rule of equity.

SAME.—*Suit by Heir.*—*Witness.*—*Competency of.*—In a suit by an heir to enforce an implied trust in real estate, growing out of the taking of the title by the defendant in his own name, the purchase money having been paid by the plaintiff's ancestor, the defendant is not a competent witness for himself as to any matter occurring prior to the death of such ancestor.

SAME.—*Instructions to Jury.*—In such a suit the court, while instructing the jury, was asked by the defendant to instruct that "verbal testimony, to be sufficient to establish a resulting trust in a case like this, ought to be clear and strong." The instruction was not given as asked, but as follows: "A deed is a solemn instrument, and evidence to vary the effect expressed in it, and establish a resulting trust, must prove necessary facts by a clear preponderance." *Held*, that there was no error in this.

PRACTICE.—*Withdrawal of Pleadings.*—After a new trial had been granted, the defendant asked the court for leave to withdraw his answer and demur to the complaint, which was refused. *Held*, the complaint being good, that there was no available error in this ruling.

COMMON PLEAS JUDGE.—*Jurisdiction.*—A common pleas judge holding the circuit court has jurisdiction where the title to real estate is in issue.

WITNESS.—*Party called by Adverse Party.*—A party called as a witness by the adverse party, to prove a single fact, will be permitted to testify in his own behalf.

INTERROGATORIES TO JURY.—*At What Time Requested.*—After the evidence and the argument of counsel, and while the court was instructing the jury, a party requested the court to require the jury, if they should render a general verdict, to find specially in answer to certain interrogatories, and the court refused. *Held*, that the refusal was proper.

APPEAL from the Warren Circuit Court.

GREGORY, J.—Mary McEnary filed a complaint against Thomas Malady in the Fountain Circuit Court, in two par-

agraphs. The first alleges that the defendant is the widower of one Ann Malady, deceased, and the step-father of plaintiff; that the plaintiff is the only child and heir at law of said Ann; that the defendant intermarried with said Ann in 1860; that at the time of the marriage Ann had and held as her own separate property money and other personal property of the value of six hundred dollars, which she held in her own right; that it was the desire and intention of said Ann to invest the money and other property so held by her in real estate; that with a view to this object, she, in September, 1864, bargained for and purchased the real estate described in the complaint; that the purchase money was paid out of her separate property so held by her; that the defendant, being at the time her husband, took the title by conveyance in and to the said real estate in his own name, without the knowledge or consent of the said Ann; that the defendant has ever since held the title, refusing, when requested so to do, to convey the same to said Ann; that said Ann departed this life on the 10th of January, 1866, intestate; that the defendant has, since the death of said Ann, held and retained possession of the real estate, and refuses to convey the same, or any part thereof, to the plaintiff; that said Ann, in her life time, with her own funds, purchased and placed upon said real estate a dwelling house and improvements worth three hundred dollars.

The second paragraph of the complaint is substantially the same as the first, with the exception that it charges that the defendant, contrary to the understanding with said Ann, "falsely, fraudulently, and corruptly procured the deed to be made and executed to him."

The complaint concludes with a prayer for specific and general relief.

The defendant answered by the general denial. A trial was had in the Fountain Circuit Court, which resulted in a verdict for the plaintiff. The defendant paid the costs and took a new trial, under the statute. A change of venue was awarded to the Warren Circuit Court.

The defendant asked the court for leave to withdraw his answer and demur to the complaint, which was refused, and the defendant excepted.

Upon an affidavit filed, that Hon. John M. Cowan, the judge of the court below, was a material witness, an order was made appointing Hon. John M. LaRue, judge of the 23d common pleas district, to try the cause.

Trial by jury; finding "for the plaintiff, and that she is the owner and entitled to the possession of three-fifths of the real estate described in the complaint." Motion for a new trial overruled. The evidence is in the record.

The first error complained of is the alleged insufficiency of the complaint. The objection taken to the first paragraph is, that it does not contain a prayer for relief. There is nothing in this objection. The complaint does demand the relief to which the plaintiff supposed herself entitled. This is all the code requires. 2 G. & H. 76, sec. 49, cl. 4.

It is claimed that the second paragraph is bad, because it does not show that the conveyance was taken to the husband without the consent of the wife. The statute provides that "when a conveyance, for a valuable consideration, is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter;" but it is further provided that this provision "shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name, without the consent of the person with whose money the consideration was paid." 1 G. & H. 651, secs. 6, 8. If the husband fraudulently took the conveyance in his own name, the consideration having been paid by the wife, a trust thereby resulted in favor of the latter. This is according to the rule in equity. The statute has not changed this rule. It is unfair to presume that the legislative intent was to promote fraud.

The complaint is sufficient, and the court committed no

available error in refusing to allow the defendant to withdraw his answer for the purpose of demurring.

The next alleged error is, that the common pleas judge holding the circuit court, had no jurisdiction to try the case, as the title to real estate was in issue. The statute provides that when a change of venue is granted from the judge, "it shall be his duty to call some judge of the court of common pleas, circuit court, or of the supreme court, if such case be in the circuit court, to try said cause, who shall try or continue the same or change the venue thereof, as if it had originally been brought before him." 2 G. & H. 155, sec. 208. The judge, when called, holds the circuit court, and not the common pleas or the supreme court. Any other construction would deprive the court of all original jurisdiction when a judge of the supreme court is called. It is true that the common pleas court has no jurisdiction where the title to land is in issue, but the common pleas judge holding a special term of the circuit court has.

The defendant called on the plaintiff to prove a single fact, but she objected to testifying unless allowed to testify on her own behalf. The court ruled, that if the defendant was called by the plaintiff, she would be permitted to testify on her own behalf; thereupon the plaintiff was not required by the defendant to testify on the conditions prescribed by the court. There was no error in this. "A party examined by an adverse party may testify in his own behalf in respect to any matter pertinent to the issue." 2 G. & H. 189, sec. 300.

After the evidence and argument of counsel were closed, and while the court was instructing the jury, the defendant asked the court to require the jury to find specially in answer to interrogatories, if they found a general verdict: "1. Was all the consideration for the purchase of the property in controversy paid out of the money of the plaintiff's mother, Ann Malady, deceased? 2. What part of the purchase money of the property in controversy, if any,

belonged to Ann Malady, deceased, the mother of the plaintiff?"

The court refused to require the jury to answer the interrogatories, and the defendant excepted, and assigned this action of the court as one of the reasons for a new trial.

In Ollam v. Shaw, 27 Ind. 388, this language is used: "Indeed, without a rule of court, the statute itself requires special instructions to be delivered to the court after the evidence closes, and before the argument commences. And in the absence of a statute, or of a rule of court, it would have been a reasonable requirement, of which the appellants would have had no right to complain. It is equally important that special interrogatories propounded to a jury should be subjected to the examination of the court, and that the opposite party should have an opportunity to submit objections, and this could not be done unless a reasonable time is allowed between their delivery to the court and the retirement of the jury."

In the case at bar, the court was asked, while charging the jury, to require the interrogatories to be answered. The court was called upon to stop in the midst of its charge, to consider the interrogatories offered. Such a proceeding is unheard of in practice.

The court was asked to instruct the jury, that "verbal testimony, to be sufficient to establish a resulting trust, in a case like this, ought to be clear and strong." This instruction was asked while the court was instructing the jury, and was not given as asked, but as follows: "A deed is a solemn instrument, and evidence to vary the effect expressed in it, and establish a resulting trust, must prove necessary facts by a clear preponderance." There was no error in this.

The court refused to allow the defendant to testify on his own behalf about matters which occurred prior to the death of Ann Malady, the ancestor of the plaintiff, and this is one of the reasons assigned for a new trial.

By the first section of the act of March 11th, 1867, a party to a civil action may testify in his own behalf. The second

proviso of the second section of this act is as follows:—
"That in all suits by or against heirs, founded on a contract
with, or demand against, the ancestor, the object of which
is to obtain title to, or possession of, land or other property
of such ancestor, or to reach or affect the same in any way,
neither party shall be allowed to testify as a witness as to
any matter which occured prior to the death of such ances-
tor, unless required by the opposite party or by the court
trying the cause." Acts 1867, 226.

This proviso differs from the third proviso of the third
section of the act of March 6th, 1865 (Acts 1865, 59), in
two particulars; it embraces suits by, as well as against heirs,
and authorizes the court trying the cause to require either
party to testify. *Shaffer* v. *Richardson's Adm'r*, 27 Ind. 122,
is therefore not in point.

After a careful consideration of the question we have
come to the conclusion that the appellant was not a com-
petent witness on his own behalf as to matters occurring
during the lifetime of Ann Malady.

The evident intent was, in suits by or against heirs, to ex-
clude the testimony of the parties to the action as to any
matter which occurred prior to the death of the ancestor,
so as to prevent the living from testifying against the rep-
resentative of the dead. Death having sealed the lips of
one, the law seals the lips of the other. It may be that
the language of the proviso is not broad enough to carry
out this legislative intent, but we think it at least covers
the present case. The language is not, "founded on a de-
mand against the ancestor arising on contract," but is,
"founded on a contract with, or demand against, the ances-
tor." If the plaintiff sues as heir, on a contract with the
plaintiff's ancestor, then the parties are excluded as wit-
nesses by the letter of the proviso. If the suit is by the
heir, as such, on a demand, not against, but in favor of, plain-
tiff's ancestor, not arising on contract, then it depends upon
the construction to be given to the other parts of the pro-

viso as to whether the parties are competent witnesses for themselves or not.

In the case at bar the appellee sues as heir of her ancestor, to enforce an implied trust growing out of the fact that the appellant took the title of the land in dispute in his own name when the purchase money was paid by the appellee's ancestor.

This court is not agreed as to the construction to be put on this proviso, and all that is ruled in this case is, that the appellant was not a competent witness for himself as to matter occurring before the death of the plaintiff's ancestor.

The judgment is affirmed, with costs.

*J. McCabe*, for appellant.

*W. P. Rhodes*, *Monroe M. Milford*, and *A. A. Rice*, for appellee.