## ADAMS ET AL. v. TOOMER, PITTMAN ET AL.

ADMINISTRATION: *Order to sell land procured by fraud.*

Where the order to sell land is procured by fraud, in which the purchaser participated, or has notice of it, the order and sale will be vacated in chancery, unless the title has passed to an innocent purchaser for value, and without notice of the fraud.

APPEAL from *Yell* Circuit Court in Chancery.
Hon. H. S. CARTER, Special Judge.

*L. C. Hall* for appellants.

*W. M. May, W. D. Jacoway,* and *J. T. Harrison,* for appellees.

Same briefs as in the preceding case.

COCKRILL, C. J.   The  heirs  at law of J. N.  Holland, deceased, sought  to set side  the sale  of  lots  in the town of Dardanelle, which  had been  sold  by the  administrator of Holland's estate.    The facts alleged are the same as in  the case  of  these  appellants  against *Benjamin  Thomas,*  just decided, except as to the question of  fraud and the parties defendant.     The  relief  sought  and  the decree  were  the same as in that case.    The plaintiffs appealed.

It is ruled in that case that the title of the purchaser at the  administrator's  sale  cannot  be  avoided  on  account of the errors committed  by the  probate court in  making the order  of sale, and  it is  conclusive of  this on  that point. The charge of fraud in this case, however, is more specific. It is alleged that the  administrator, his attorney and one Pittman,  conspired  to  bring  about  the  sale  of  the  lands when  the  administrator  had ample funds in  his hands to pay off all the  debts and  expenses of the estate; that in pursuance of the plan  agreed  upon the  order  of  sale was procured  and Pittman became  the  purchaser; no lien was retained  upon  the  land  for the  payment  of  the purchase money, and nothing has ever been  paid on the purchase; that the design of all the parties throughout was to defraud the estate.    A scheme of this sort is highly immoral, and, if  proved,  the sale should be  vacated  and  the purchaser's title  annulled.     But  the  title of  an  innocent  purchaser claiming through or under Pittman cannot be injuriously affected by proof of Pittman's fraud, for although he may have been guilty of fraudulent devices, and may have had notice of the fraudulent design of the administrator, he

could transmit an unimpeachable title to a vendee for value, in good faith and without notice of fraud. *Gwinn v. Williams, 30 Ind., 278; Robbins v. Bates, 4 Cush., 104; Blood v. Hayman, 13 Metc., 230.*

Other grounds of demurrer were urged against the complaint, and the court properly overruled them, but in sustaining a general demurrer thereto, the court erred and the decree must be reversed, and the case remanded for further proceedings.