remedy. Thomas v. Smith, 75 Hun, 573, 27 N. Y. Supp. 589; Schoep-flin v. Coffey, 25 App. Div. 438, 49 N. Y. Supp. 627; Butler v. Railway Co., 143 N. Y. 417, 38 N. E. 454. Was the conveyance made by the defendant in fraud of the plaintiff's rights? If so, then can the remedy be enforced in this action? I am inclined to think so. Swan v. Saddlemire, 8 Wend. 676; Railroad Co. v. Kneeland, 120 N. Y. 134, 24 N. E. 381; Jéx v. Straus, 122 N. Y. 293, 25 N. E. 478; Delaney v. Valentine, 154 N. Y. 692, 49 N. E. 65. In the case last cited the court says: "Any voluntary transfer by a debtor, which deprives his creditors of a fund which equitably belongs to them, is necessarily a fraud upon their rights, and therefore fraud is implied, which is sometimes denominated fraud in law." The principle governing the action at bar seems to have been passed upon in several cases. Ring v. Steele, 4 Abb. Dec. 68; Sieling v. Clark, 18 Misc. Rep. 464, 41 N. Y. Supp. 982; Graves v. Briggs, 6 Abb. N. C. 38; Caywood v. Van Ness, 74 Hun, 28, 26 N. Y. Supp. 379, affirmed in 145 N. Y. 600, 40 N. E. 163; Braem v. Bank, 127 N. Y. 508, 28 N. E. 597 (see page 515, 127 N. Y., and page 598, 28 N. E., at bottom of page, affirming the doctrine held by cases supra). The fact that the plaintiff was negligent in not recording his mortgage does not defeat this action. See cases supra. The plaintiff lost his security as against the purchaser, but he did not lose his debt; nor did he lose his right to enforce his claim against the defendant, since the mischief was caused by the unlawful act of the defendant. It was his duty to preserve the plaintiff's lien. Having knowingly defeated it, he cannot be heard to say that the plaintiff was primarily to blame for negligently affording him an opportunity to do an unlawful act. If I am correct in the conclusions reached, the plaintiff is entitled to recover such damages as he has sustained, and judgment against the defendant is ordered accordingly, with the costs of this action, in favor of the plaintiff.

(29 Misc. Rep. 393.)

### PODMORE v. DIME SAV. BANK OF WILLIAMSBURGH.

(Supreme Court, Trial Term, Kings County. November, 1899.)

1. GIFT CAUSA MORTIS—EVIDENCE—SUFFICIENCY OF.

In an action by an administrator against a bank to recover money deposited with it by his decedent, the bank pleaded a gift causa mortis of said deposit and payment to the donee. The donee produced the deposit book, and testified she had it in her possession before decedent's death. A witness testified that she saw decedent in her last sickness take a number of bank books and hand them to the donee, saying: "I am a sick woman, and I know I am going to die. You take these, and bury me with this, and what is left is yours." Witness did not see the bank books sufficiently to identify them, but was corroborated by another witness, who saw even less of the books than she did. *Held*, that the evidence was not sufficient to show a gift causa mortis.

2. SAME—POSSESSION OF CHATTEL.

Possession of the chattels of a deceased person, either before or after his death, is not evidence of a gift causa mortis.

Action by John Podmore, as administrator of Annie Podmore, deceased, against the Dime Savings Bank of Williamsburgh, to recover the amount of money had on deposit with the defendant by

the decedent at her death. The defendant pleaded as a defense that the decedent made a gift causa mortis of the said deposit to Bridget Reilly and that the defendant paid the same to the said Bridget Reilly. At the close of the testimony both sides moved for a direction of a verdict. Verdict directed for plaintiff.

Edward Hymes, for plaintiff.
Alfred E. Mudge, for defendant.

GAYNOR, J. The defense of the gift causa mortis is not made out. The evidence is only this: The alleged donee produces the deposit book and testifies she had it in her possession before the decedent's death. Another witness testifies that she saw the decedent in her last sickness take from a bag in the sickroom a number of bank books and hand them to the alleged donee, saying: "I am a sick woman and I know I am going to die. You take these and bury me with this and what is left is yours." The witness did not see the bank books sufficiently to identify them or know how many there were. Another witness corroborates this, but saw even less of the bank books. She says there were "a number inside of an envelope and I believe two outside." The fact that the donee had possession of this particular bank book is no evidence of a gift; more especially as she and others had opportunity to take it both before and after the decedent's death. Possession of the chattels of a deceased person either before or after his death is no evidence of a gift. The law presumes nothing from it; and independent of it there must be that "clear and convincing, strong and satisfactory" proof which is required to make out a gift causa mortis, in order to prevent fraud and larceny. Devlin v. Bank, 125 N. Y. 756, 26 N. E. 744. That is lacking here.

I direct a verdict for the plaintiff.