## HECHT v. SHAFFER ET AL.

WITNESSES—COMPETENCY OF PARTY AS WITNESS AS AGAINST AN EXECUTOR—GIFT CAUSA MORTIS—EVIDENCE.

1. Plaintiff in a suit upon a promissory note, claiming to have received it unindorsed from the payee as a gift *causa mortis,* is not a competent witness under Section 3683, Revised Statutes of 1899, to testify to the making of the gift as against the executor of the deceased payee who has intervened in the suit and by answer denied plaintiff's ownership of the note and alleged that it belonged to the estate.

2. To constitute a valid gift *causa mortis,* three things must concur; there must be a clear and manifest intention of the owner to give, a subject capable of passing by delivery, and an actual delivery at the time, in contemplation of death.

3. The mere possession of the subject matter of an alleged gift by the claiming donee is not sufficient of itself to establish a gift *causa mortis;* especially where the claimant had the opportunity to obtain possession of the property both before and after the death of the donor.

4. Delivery alone of the property is not sufficient to constitute a gift *causa mortis;* it must appear that the delivery was

accompanied by some act or declaration clearly indicating that a gift *causa mortis* was intended.

5. To establish a gift *causa mortis* to the plaintiff of property in controversy, a witness in her behalf was asked if she had any conversation with the deceased with relation to what she intended to do when she died with any of her property, to which the witness answered in the affirmative, but she stated in answer to the next succeeding question that nothing had been said by deceased in regard to the . property in controversy. *Held,* that testimony of the witness subsequently offered that the deceased had expressed an intention to give things to plaintiff upon her death was properly excluded, since she had already stated that nothing was said in relation to the matter in controversy, and what might have been said about other property was irrelevant to the issue.

[Decided June 26, 1906.]                      (85 Pac., 1056.)

ERROR to the District Court, Laramie County, HON. RICHARD H. SCOTT, Judge.

The material facts are stated in the opinion.

*W. R. Stoll,* for plaintiff in error.

Under the last paragraph of Section 3683, Revised Statutes, exempting from the operation of the section prohibiting parties from testifying against executors, etc., actions involving the validity of a deed, will or codicil, and providing when a case is clearly within the reason and spirit of the act, though not within the letter, their principles shall apply, the donee of a gift *causa mortis* is a competent witness to prove the gift as against the executor of the decedent. (Murdock v. McNeely, 1 O. C. C., 16; Doney v. Dunnick, 8 id., 163; Cochran v. Almack, 39 O. St., 314; Bank v. Cornell, 41 id., 401; Keyes v. Gore, 32 id., 211.) Declarations of a deceased previous to making a gift *causa mortis* showing an intention to make a gift to a particular person, or declarations of the deceased relating to the gift after it has been made, are admissible in evidence as bearing on the question

of the validity of the gift, whether or not a particular article was specified as the subject of the gift. (6 Ency. Ev., 241; Ridden v. Thrall, 11 L. R. A., 684; Levson v. Davis, 17 Mont., 220; Clayton v. Pierson (W. Va.), 46 S. E., 935; Smith v. Maine, 25 Barb., 33; *In re* Swade, 72 N. Y. S., 1030.)

Where the want of mental capacity of one claimed to have made a gift *causa mortis* is desired to be questioned, it must be pleaded. If pleaded, the evidence to sustain the want of capacity should come from him who charges it by direct proof, and it is not competent to show such want of capacity on cross-examination of the alleged donee's witnesses, who have not been examined in chief upon the matter.

A chose in action is transferable by delivery, and when evidenced by a written instrument capable of actual delivery, no written assignment or endorsement is necessary. The mere delivery of a note with the intention of transferring the right of property operates as an equitable assignment, and is sufficient to constitute a valid gift. (14 Ency. L. (2d Ed.), 1006-1086; Blazo v. Cochran (N. H.), 53 Atl., 1026; 7 Cyc., 729.) The possession of a note, whether endorsed or not, is presumptive evidence of a delivery to the one who has the possession. (Miller's Est., 151 Pa. St., 525; Varick v. Hitt (N. J.), 55 Atl., 139; Garrigus v. Soc., 3 Ind. App., 91; 5 Ency. Ev., 414; 6 id., 240; 14 Ency. L., 1068.)

Upon the question whether a gift *causa mortis* has been made, affection of the alleged donor for the donee, close intimate relations showing such affection, are relevant facts and admissible as tending to show a motive for the gift. (14 Ency. L., 1068; 6 Ency. Ev., 242.) To establish a gift *causa mortis* requires no greater amount of proof than that required in other civil cases—a fair preponderance is all that is required. (14 Ency. L. (2d Ed.), 1066-1067; 6 Ency. Ev., 235.)

*Gibson Clark,* for the defendant in error, John F. Carey, as Executor.

The plaintiff was not a competent witness to prove the gift as against the executor. (Rev. Stat., Secs. 3680-3683; Hudson v. Houser, 123 Ind., 309.) The evidence to support a gift *causa mortis* must be clear, unequivocal and convincing. (Caylor v. Caylor's Est., 72 Am. St., 331; Hatch v. Atkinson, 56 Me., 324; Parcher v. Sav. Inst., 7 Atl., 266; Buecker v. Carr, 47 id., 34; Harris v. Clark, 3 N. Y., 93; Delmatte v. Taylor, 1 Redf., 417; Gano v. Fisk, 43 O. St., 426; Conner v. Root, 17 Pac., 773; Johnson v. Colley, 99 Am. St., 884; 8 Ency. L. (1st Ed.), 1342, 1348.) Such a gift made in parol is clearly distinguishable from deeds, wills or codicils; and the exception in Section 3683 as to the latter does not apply to parol gifts *causa mortis.* (Varick v. Hitt, 53 Atl., 139.) Under statutes prohibiting parties from testifying when the opposite party is an executor, etc., an alleged donee under a gift *causa mortis* is incompetent to testify in support of the alleged gift as against the claim of the personal representative of the decedent. (30 Ency. L. (2d Ed.), 1013; Stuckey v. Bellah, 41 Ala., 700; Bothwell v. Dobbs, 59 Ga., 787; Elsinger v. Beytagh, 74 Ga., 399; Huggins v. Huggins, 71 Ga., 66; Way v. Harriman, 126 Ill., 132; Overbeck v. Lecquire, 39 S. W., 254; Albro v. Albro, 65 S. W., 592; Johnson v. Heald, 33 Md., 352; Dunn v. Bank, 109 Mo., 101; Sherman v. Lanier, 39 N. J., 249; Waver v. Waver, 15 Hun, 277; Flanagan v. Nash, 185 Pa. St., 41; Hopkins v. Manchester, 16 R. I., 663; Royston v. McCulley, 59 S. W., 725; Turner v. Murchison, 31 S. W., 428; La Mountain v. Miller, 56 Vt., 433; Lee v. Patton, 50 W. Va., 20; Paddoch v. Adams, 46 N. E., 1068.)

Conversations with the decedent not relating to the subject of the alleged gift are clearly inadmissible to establish it. Possession of the subject of the alleged gift by the donee, though a promissory note as in this case, does not import a delivery to her by the decedent payee; such a rule would be

a dangerous one.  (Buecker v. Carr, 47 Atl., 34; Podmore v. Bank, 60 N. Y. Sup., 533.)  Though the possession of a negotiable note payable to bearer, or indorsed by the payee, is *prima facie* evidence of title, that is not the law with reference to an unindorsed note payable to another than the holder.  (4 Ency. L. (2d Ed.), 319, 320; Redmond v. Stansbury, 24 Mich., 445; Robinson v. Wilkinson, 38 Mich., 299; Nichols v. Gross, 26 O. St., 425; Dorn v. Parsons, 56 Mo., 601; Cavitt v. Tharp, 30 Mo. App., 131; Quigley v. Bank, 80 Mo., 289; Thompson v. Onley, 96 N. C., 9; Ross v. Smith, 19 Tex., 171; Cobb v. Bryant, 86 Ala., 316; *In re* Wagner, 4 MacArthur, 395; Van Eman v. Stanchfield, 13 Minn., 75; Varick v. Hitt, 55 Alt., 139; Gano v. McCarty, 79 Ky., 409; Durien v. Moeser, 13 Pac., 797; 1 Daniel's Neg. Instr., 812; Tiedeman on Com'l Paper, 312; 6 Ency. Ev., 240; 22 Ency. L. (2d Ed.), 1287.)  The evidence as to the mental capacity of the decedent was not prejudicial, since none of the witnesses testified to any fact tending to show incapacity to make a valid gift.

BEARD, JUSTICE.

The plaintiff in error, Fredericke Hecht, brought suit in the District Court of Laramie County against one of the defendants in error, Annie M. Shaffer, on a promissory note payable to the order of one Julia F. Schweickert.  She alleged in her petition that Mrs. Schweickert, the payee of the note, had transferred and delivered the note to her as a gift and that she thereby became the owner thereof.  The defendant Shaffer answered denying that the plaintiff was the owner of the note and alleging that it was the property of the estate of Julia F. Schweickert, deceased, and tendered and paid into court the amount then due on the same.  The defendant in error, John F. Carey, executor of the will of Mrs. Schweickert, deceased, by leave of court intervened in the action and answered, denying the plaintiff's ownership of the note and alleging that it was the property of said estate.  The claim of the plaintiff is that Mrs. Schweickert,

a short time before her death, made a gift *causa mortis* of the note to plaintiff. The cause was tried to the court without a jury, and the court found that the note was the property of Mrs. Schweickert at the time of her death, which was prior to the time of the commencement of the action, and that it still belonged to her estate and that plaintiff had no interest or right of ownership therein, and gave judgment accordingly. From this judgment plaintiff brings error. The note was not endorsed and the only evidence of its delivery to plaintiff by Mrs. Schweickert was the fact that it was in the possession of plaintiff. Upon the trial the plaintiff was sworn as a witness in her own behalf and her counsel offered to prove by her that a short time before the death of Mrs. Schweickert and while she was ill, which illness resulted in her death, she called for a little receptacle which she had, and in which she had some jewels, some money and the note in question, and opened it and delivered the contents of the same together with the receptacle to plaintiff as a gift, saying at the time, in substance, "These I give to you, you understand. But in case I get well again, then of course the things are mine." That plaintiff took charge of the receptacle and the articles and from that time had the possession of the same. Counsel for the executor objected to this testimony and to the plaintiff testifying to anything that took place prior to the death of Mrs. Schweickert. The objection was sustained, and that ruling is the chief ground relied upon by plaintiff in error for a reversal of the judgment. The objection to this testimony is based upon the following provisions of our statutes: Sec. 3683, R. S. 1899, "A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased person, except—"; then follows certain exceptions, within the letter of which it is conceded this testimony does not come. The section then closes with the following sentence: "Nothing

in this section contained shall apply to actions for causing death, or actions or proceedings involving the validity of a deed, will or codicil; and when a case is plainly within the reason and spirit of the last three sections, though not within the strict letter, their principles shall be applied."

It is urged that because the law permits a party to testify in an action involving the validity of a deed or will, that the same reasons exist for admitting his testimony in an action involving the validity of a gift *causa mortis,* and that this case comes within the reason and spirit of the exception. But we think there is a marked distinction between the two. Deeds and wills are required to be formally executed in the presence of witnesses and when their validity is attacked, the instrument itself, in a manner, speaks for the deceased grantor, or the testator. The rule is that a party shall not testify to transactions which occurred between such party and a person since deceased as against the personal representative of such deceased person. The reasons for the rule are well understood. The lips of the one being sealed by death, justice requires that those of the other should be closed by the law, as to such transactions. To permit a party to testify is the exception, and the exceptions are statutory and in a measure arbitrary. We have been cited to no case, nor have we found anywhere a party within the letter of the law excluding his testimony has been permitted to testify because within the spirit of the exception. In Hudson v. Houser, Administrator, 123 Ind., 309, it is said: "We have no recollection of any case where this court has held that a party incompetent because within the letter of the statute was competent within the spirit of the statute, but we have a number of cases where the reverse of this has been ruled. The reason for this is well stated in Malady v. McEnary, 30 Ind., 273." (Paddock v. Adams and Holly, Exrs., 56 O. St., 242.)

There is perhaps no class of cases where the reason for applying this rule is stronger than in cases of parol gifts *causa mortis.* No class of cases affords better opportunities

or greater inducements to acquire property wrongfully than under such circumstances as are claimed in this case. The parties are alone, no witness is present and none is called to witness the transaction. To admit the party to testify to the making of the gift under such circumstances would be to open wide the door for the perpetration of fraud, and would amount, practically, to the abrogation of the rule.

To constitute a valid gift *causa mortis,* three things must concur. There must be a clear and manifest intention of the owner to give; a subject capable of passing by delivery, and an actual delivery at the time, in contemplation of death. (Cutting v. Gillman, 41 N. H., 147; Leyson v. Davis, 17 Mont., 220.) In the case at bar the only evidence, aside from the offered testimony of the plaintiff, of the intention of Mrs. Schweickert to give the note in question to plaintiff is contained in the offered testimony of Anna Ralston, a daughter of plaintiff. She was asked if she had any conversation with Mrs. Schweickert at any time with relation to what she intended to do when she died, with any of her property; to which she answered, "Yes." She was then asked to state what she said. This was objected to, and the court ruled that she should answer if it related to this matter. She answered, "In regard to this matter she did not say anything." Plaintiff then offered to prove by this witness the conversation with Mrs. Schweickert with relation to her intention to give things to plaintiff upon her death. This testimony was excluded, and we think rightly. The witness had already stated that there was nothing said about the matter in controversy, and what may have been said about other property was irrelevant to the issue. In addition to this the will of Mrs. Schweickert, bearing date less than six weeks before the time this gift is alleged to have been made, was introduced in evidence, from which it appears that she made bequests of certain specific items of personal property to plaintiff. The date of the conversation is not given by the witness, but from other statements in her testimony it is more than probable that it was before the will

was executed. It is also argued that the possession of the note by plaintiff imports a delivery to her by Mrs. Schweickert. But we think it is quite well settled that the mere possession of the subject matter of the gift by the claiming donee is not sufficient of itself to establish a gift *causa mortis;* especially where, as in this case, the claimant had the opportunity to obtain possession of the property both before and after the death of the donor. Nor is delivery alone sufficient. It must appear that the delivery was accompanied by some act or declaration clearly indicating that a gift *causa mortis* was intended. (Buecker v. Carr, 60 N. J. Eq., 300 (47 Atl., 34); Podmore v. Dime Savings Bk., 60 N. Y. Supp., 533; 14 Enc. Law (2d Ed.), 1050; 20 Cyc., 1231.)

We find no error in the ruling of the District Court in excluding the offered testimony of the plaintiff, or of the witness Ralston. The plaintiff having failed to sustain the alleged gift, by sufficient evidence, the judgment of the District Court is affirmed.                    *Affirmed.*

POTTER, C. J., and CRAIG, District Judge, concur.

SCOTT, J., having announced his disqualification to sit in this case, HON. DAVID H. CRAIG, Judge of the Third District, was called in to sit in his stead.