[No. 13511.  Department One.  December 26, 1916.]

F. P. SEARLE, *Plaintiff*, v. JOHN D. BIRD *et al.*, *Defendants*, SNOHOMISH LAND COMPANY, *Appellant*, PACIFIC COAST PIPE COMPANY *et al.*, *Respondents.*[1]

JUDGMENT—LIEN—PROPERTY AFFECTED—OPTIONS — TITLE.  Where an absolute deed was made under an option agreement providing that the deed should be considered a mortgage for the purpose of securing a loan of $2,000, and giving the grantee the option to purchase, the title to the property remained in the grantors, and is subject to the lien of judgments recovered against them, in the order of their priority.

GARNISHMENT—PROPERTY SUBJECT — LIEN OF OUTSTANDING JUDGMENT—PRIORITIES.  A judgment lien against the real property of the judgment debtors held subject to option given by them, takes precedence over subsequent writs of garnishment against the purchase price of the property, paid into court by the purchaser on exercising the option; since a garnishor can claim no greater interest in the fund than the judgment debtors had.

APPEAL—RECORD—REVIEW—STATEMENT OF FACTS.  In the absence of a statement of facts, the findings are conclusive and the evidence cannot be reviewed.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 17, 1916, upon findings in favor of certain defendants, adjudging the rights of judg-ment lien claimants to a fund deposited in court, in an action for specific performance.  Affirmed.

*Wm. A. Johnson*, for appellant.

*Wright, Kelleher & Allen*, for respondent Frederick & Nelson.

*A. W. Buddress*, for respondent Pacific Coast Pipe Company.

[1]Reported in 161 Pac. 838.

CHADWICK, J.—The respondent Pacific Coast Pipe Company and the Snohomish Land Company are judgment creditors of John D. Bird and wife. At the time the judgments were obtained, plaintiff, F. P. Searle, had and held an option agreement to purchase certain lands. The material parts of the agreement are as follows:

"This agreement made and entered into this 10th day of June, 1914, by and between John D. Bird and Ida M. Bird, husband and wife, parties of the first part, and F. P. Searle, party of the second part, Witnesseth: That whereas the parties of the first part, have by deed dated June 5th, 1914, transferred and conveyed to the party of the second part, the following described real estate, to wit [omitting description].

"And whereas, said transfer, although appearing on its face to be an absolute deed from parties of the first part to party of the second part, of the property therein described and heretofore described herein, was intended as a mortgage according to the following terms, conditions and stipulations, to wit:

"It is mutually agreed by and between the parties hereto, that coincident with the signing and delivery of this agreement, the Tolt State Bank has loaned to the parties of the first part on their promissory note, the sum of $2,000 and that the transfer to the party of the second part hereto, of [here description of same premises], by deed dated June 5, 1914, was made to said party of the second part, who is cashier of said Tolt State Bank, for the purpose of securing and as security for said loan of $2,000. That said party of the second part holds the title to said above described property as evidenced by said deed, in trust, for the use and benefit of the Tolt State Bank, as such security.

"It is further mutually agreed by and between the parties hereto, that the party of the second part hereto has and he is hereby given an option to purchase said real estate during any time hereafter, on or before one year from date for the price here and now agreed upon, to wit: The sum of $4,000.

"It is further mutually agreed that if the party of the second part hereto exercises his option to purchase said premises, that they shall be delivered to him free and clear of all liens and encumbrances whatsoever, except the $2,000

mortgage thereon, which he hereby agrees to assume as a part of the purchase price.

"It is further mutually agreed by and between the parties hereto that this agreement nor any interest therein, is not assignable, by the parties of the first part hereto, without the written consent of the parties of the second part hereto first had and obtained, while there are any record liens against said property other than the mortgage to Tolt State Bank herein referred to."

Plaintiff, having decided to exercise his option, made tender and demanded a deed, which being refused, he began this action to compel a specific performance, paying into the court the amount he admitted to be due, and thereafter, by supplemental complaint, making the appellant and respondent parties thereto. The respondent answered, setting up its judgment and claiming a lien upon the land to the extent of its judgment, and asking that the money paid into the registry of the court be given to it in the order of its priority in satisfaction of its judgment. There were other answering defendants claiming liens, but they do not appear in this court, and we will not discuss their rights or their interest.

Appellant assumed a different theory of the law governing the transaction between plaintiff and defendants, and accordingly caused a writ of garnishment to be issued directed to plaintiff, claiming that he had in his possession and control moneys and property belonging to the defendants Bird. The garnishment is predicated upon the theory that an absolute deed had been made by Bird to Searle, and that the legal title was in Searle; that the Birds had no more than an equitable interest in the land to which—under the statute, Rem. Code, § 445, providing that a judgment is a lien only upon the legal title or an estate of inheritance—no lien would attach (*Phoenix Min. & Mill Co. v. Scott*, 20 Wash. 48, 54 Pac. 777); and that appellant, being first in time with its garnishment, is entitled to recover.

We have not been favored with a statement of facts. The case comes to us with the rights of the plaintiff, Searle, and defendants Bird defined by the loan and the option agreement. The description in the option agreement of a deed theretofore executed as an "absolute deed" is a conclusion of the parties and, in the absence of a showing to the contrary, we will not say, in the light of other provisions in the option agreement, which was recorded a few days after its execution, and the subsequent conduct of the parties, that it was their intent to pass the legal title to the lands; but hold, rather, that the legal title was, at all times, in the defendants Bird, and subject to the lien of any judgment obtained against them.

The deed may never have been delivered, or it may have been redelivered upon, or after, the execution of the option agreement. It was never recorded, and beyond all these things, the very subject-matter of the suit of plaintiff is to *compel the execution* of a deed. There was no showing that the rights of the parties did not rest in the option agreement and that alone. That they did, must necessarily be so, for the lower court has found as a fact that the legal title was, at all times, in the defendants Bird.

The rights of the original parties to the transaction depending upon the option agreement, the case falls within the rule of *Tieton Hotel Co. v. Manheim,* 75 Wash. 641, 135 Pac. 658; *Ihrke v. Continental Life Ins. & Inv. Co.,* 91 Wash. 342, 157 Pac. 866, and cases there cited.

Furthermore, it is a rule established in this state that a garnishor can claim no other or greater interest in a fund than the judgment debtor could have claimed. The rights of the judgment debtors in the land are subject to the claims of their judgment creditors in the order of their priority. The respondent is first in time and, therefore, first in right. 20 Cyc. 1060; *Bellingham Bay Boom Co. v. Brisbois,* 14 Wash. 173, 44 Pac. 153, 46 Pac. 238; *Beaston v. Portland Trust & Sav. Bank,* 89 Wash. 627, 155 Pac. 162.

Much of the briefs is given up to the legal effect of certain deeds executed by defendants Bird to a brother, which are dated at a prior time but recorded subsequently to the entry of the several judgments. These deeds were challenged and found by the court to be fraudulent as against the rights of the judgment creditors. Without a statement of facts, we cannot inquire into this phase of the controversy. We must accept the finding of the court as final.

Judgment affirmed.

MORRIS, C. J., MAIN, MOUNT, and ELLIS, JJ., concur.