[No. 17715.  Department Two.  May 3, 1923.]

MARY F. WOLFE, *Appellant*, v. ELSIE HOEFKE, *Defendant*, CHARLES F. BIGELOW, *Respondent*.[1]

ESTOPPEL (61)—PERSONS TO WHOM AVAILABLE—NOT PARTIES TO SUIT. Estoppels by pleadings arise only against the parties to the action; hence a garnishee, served as indebted to the defendant in the amount of a certain joint bank deposit, is not estopped to deny such indebtedness by the fact that he had commenced a prior suit against the defendant and sought to garnish the same joint bank deposit on the allegation that such deposit was the property of the defendant; plaintiff not being a party to the former suit.

GARNISHMENT (47, 49)—PROCEEDINGS TO SUPPORT—EVIDENCE OF INDEBTEDNESS—BURDEN OF PROOF—WEIGHT AND SUFFICIENCY. The plaintiff fails to sustain the burden of proof that a garnishee was indebted to the defendant in the amount of a joint bank deposit claimed by the garnishee, or that the deposit was the property of the co-depositor, the garnishee's niece, where it appears that the garnishee opened the bank account by a deposit partially from his own account and partially by check, with the intention that at some time the money should belong to his niece, but that the gift was not consummated.

GIFTS (58)—DEPOSITS IN BANK—EVIDENCE—WEIGHT AND SUFFICIENCY. In order to constitute a gift from an uncle to a niece, of a joint deposit in a bank, placed there by the uncle, there must be a delivery either actual or constructive, the purpose that it should be hers at some future time not being sufficient; and the fact that the niece could draw out the money does not imply that it belonged to her.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered June 30, 1922, upon findings in favor of a garnishee defendant, upon trial before the court. Affirmed.

*Wesley Lloyd* and *John E. Belcher*, for appellant.

*Wm. H. Pratt*, for respondent Bigelow.

*Frank D. Nash*, for respondent Tacoma Savings & Loan Association.

[1] Reported in 214 Pac. 1047.

FULLERTON, J.—The appellant, Mary F. Wolfe, was plaintiff in an action against defendant, Elsie Hoefke, and brought garnishment proceedings in aid of an attachment against the respondent, Charles F. Bigelow, upon the grounds that the respondent had in his possession $2,500 belonging to the defendant. From a judgment dismissing the garnishment proceedings, this appeal is prosecuted.

The facts of the case, briefly stated, are as follows: On March 29, 1922, the appellant began an action against Elsie Hoefke, who was out of the state, for alienation of the affections of her husband. At the same time she sued out a writ of garnishment against money and corporate stock in the possession of the Tacoma Savings & Loan Association, claimed by her to be the property of Elsie Hoefke. It is undisputed that, prior to March 21, 1922, the respondent, Charles F. Bigelow, an uncle of Elsie Hoefke, had a joint account with his niece with the savings and loan association, amounting to $2500, and that, under the rules of the association, either of the parties was entitled to draw any part or all of this amount upon the presentation of the pass book.

Elsie Hoefke, who had been making her home with her uncle, left this home sometime in February, taking with her the pass book. On March 21, the association, acting under previous oral instructions from Bigelow not to pay out any of the money without notifying him, advised Bigelow that Miss Hoefke had drawn upon it through a Los Angeles bank for the full amount of the account, and that unless restrained by some court proceedings, it would be necessary to honor the draft. Mr. Bieglow thereupon at once commenced an action against Elsie Hoefke for $2,500, for money advanced, and upon the same day caused a writ of garnishment

to be issued against the savings and loan association, thus tying up the money. He then got into communication with Miss Hoefke, who signed and forwarded a receipt for the amount on deposit, upon receiving which the association recognized the account as the sole property of Mr. Bigelow. Thereupon Mr. Bigelow's action against Miss Hoefke and his garnishment proceedings were abandoned.

When the writ of garnishment secured by the appellant against the savings and loan association was served on the association on March 29, the association answered setting out that it was in possession of no property belonging to Miss Hoefke. Thereupon a writ of garnishment was issued and served upon the respondent Bigelow, who likewise answered denying having possession of any property or money belonging to Elsie Hoefke. The appellant controverted these answers by affidavit, and a trial was had resulting in a judgment dismissing the writs of attachment and garnishment.

The appellant urges that Bigelow is estopped from denying that the money in the Tacoma Savings & Loan Association belonged to Elsie Hoefke because of his affidavit for garnishment in which he set forth the indebtedness of the association to his niece, citing *First National Bank of Wenatchee v. Fowler,* 54 Wash. 65, 102 Pac. 1038. That case, however, is in no way in point, as therein it is merely held that the owner of a chattel having included it in a chattel mortgage executed by a corporation, of which he owned all the stock, was estopped to assert that the chattel was his individual property and not covered by the mortgage. The appellant not being a party to the action in which respondent made the affidavit, no estoppel would arise in her favor thereby. In 21 C. J. 1235, it is said:

"Estoppels by allegation or admissions in pleadings in a former action or proceeding arise only in favor of or against the parties to that action or proceeding and those in privity with them."

See, also, 10 R. C. L. 702; 10 R. C. L. 830.

It is next contended by the appellant that the evidence established the fact that the money in the savings and loan association was the property of Elsie Hoefke and not the respondent. With this we are unable to agree. In a garnishment proceeding where the plaintiff controverts the answer of the garnishee, the burden of showing an indebtedness of the garnishee to the defendant rests on the plaintiff. 20 Cyc. 1098. The evidence here shows that Elsie Hoefke came to this country from Germany in December, 1913, on money advanced by the respondent, Bigelow; and that she lived at his home, paying no board, and that she earned from $9.50 to $12 a week. The account in question was opened by Bigelow on January 7, 1921, by a deposit of $2,000, partially from his own account with the association and partially by check; and that later he made other deposits which, with interest, brought the amount up to practically $2,500. He states that it was his intention that the money should in time belong to Elsie Hoefke. It is clear, however, that he never actually gave her the money, as it was always retained in the joint account; and, as we have seen, he retained at least partial control over it. This would not constitute a gift. *In re Slocum's Estate,* 83 Wash. 158, 145 Pac. 240, we said:

"In order to constitute a gift of personal property, three things are necessary: (a) An intention on the part of the donor to presently give; (b) a subject-matter capable of passing by delivery; and (c) an actual delivery at the time. *Hecht v. Schaffer,* 15 Wyo. 34, 85 Pac. 1056; *Jackson v. Lamar,* 67 Wash. 385, 121 Pac.

857; *Meyers v. Albert,* 76 Wash. 218, 135 Pac. 1003
The delivery must be such as will divest the donor of
the present control and dominion over the property
absolutely and irrevocably and confer upon the donee
the dominion and control. *Basket v. Hassell,* 107 U. S.
602. The distinction that exists between gifts *inter
vivos* and gifts *causa mortis* need not here be defined.
The pivotal facts which give caste to the various trans-
actions in the present case are the same, whether the
gifts or attempted gifts be considered *inter vivos* or
*causa mortis.* A gift will not be presumed, but he who
asserts title by this means must prove it by evidence
which is clear, convincing, strong and satisfactory.''

And in *Jackson v. Lamar,* 67 Wash. 385, 121 Pac.
857, we said:

''While it is true the courts have relaxed the rigor
of the old rules, they have never departed from hold-
ing that something more is required to constitute a
gift, either *inter vivos* or *causa mortis,* than the ex-
pression of an intent or purpose to give. Evidence of
such intent is admissible to prove the act, but it does
not constitute the act, and delivery, either actual or
constructive, is as essential today as it ever was. The
donor must not only signify his purpose to give, but
he must deliver, and as the law does not presume that
an owner has voluntarily parted with his property, he
who asserts title by gift must prove it by evidence that
is clear and convincing, strong and satisfactory. Al-
though it may not be true that the law now presumes
against a gift, it certainly does not presume in its
favor, but requires proof. *Lewis v. Merritt,* 113 N. Y.
386, 21 N. E. 141; *Devlin v. Greenwich Sav. Bank,* 125
N. Y. 756, 26 N. E. 744.''

The fact that Miss Hoefke could draw the money
would not imply that it belonged to her. Passing upon
that precise question, in *Meyers v. Albert,* 76 Wash.
218, 135 Pac. 1003, we said:

''Where an account in a bank is opened in the name
of two persons, the money being supplied by one, but

each having the equal right to draw upon it, the title to the account does not pass from the one supplying the funds to the one to whom the right to draw is jointly extended. *Denigan v. Hibernia Sav. & Loan Soc.,* 127 Cal. 137, 59 Pac. 389; *Denigan v. San Francisco Sav. Union,* 127 Cal. 142, 59 Pac. 390, 78 Am. St. 35; *Schick v. Grote,* 42 N. J. Eq. 352, 7 Atl. 852; *Taylor v. Henry,* 48 Md. 550, 30 Am. Rep. 486.''

Upon the showing made in the court below, if made upon her behalf, Miss Hoefke could have established no claim to the funds, and the appellant obviously would have no better right. *Austin v. Wallace,* 117 Wash. 61, 200 Pac. 566; *Searle v. Bird,* 94 Wash. 21, 161 Pac. 838; *Beaston v. Portland Trust & Savings Bank,* 89 Wash. 627, 155 Pac. 162, Ann. Cas. 1917B 488; *Ford v. Aetna Life Ins. Co.,* 70 Wash. 29, 126 Pac. 69, and cases therein cited.

The findings of the trial court were amply supported by the evidence, and the judgment will stand affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.