[No. 25328.   Department One.   February 28, 1935.]

COMMERCIAL IMPORTING COMPANY, *Respondent* v. F. F.
WEAR *et al., Defendants,* HOWARD BARGREEN
*et al., Appellants.*[1]

*Clarence J. Coleman,* for appellants.
*Ryan, Askren & Ryan,* for respondent.

MAIN, J. — This action was brought to recover the
balance due on a promissory note.   After the action
was instituted, the plaintiff caused a writ of garnish-
ment to be issued and served upon Howard Bargreen
and Edna C. Bargreen, who answered the writ and de-
nied that they were either indebted to the defendant or
had property in their possession which they held as
agent for him.   The issues made upon the affidavit in
support of the writ and the answer thereto were tried
to the court without a jury, and resulted in findings of

[1]Reported in 41 P. (2d) 777.

fact from which it was concluded that the garnishees were holding certain personal property as the agent for the defendant F. F. Wear. Judgment was entered against Wear for the sum of $97.35, together with interest and attorney's fee, and the property in controversy was ordered sold to satisfy the judgment. From this judgment, the garnishee defendants appeal.

The Commercial Importing Company, the respondent, was a corporation organized under the laws of this state, with its principal place of business in the city of Seattle. Howard Bargreen and Edna C. Bargreen, his mother, were copartners doing business in the city of Everett under the name of the Bargreen Coffee Company.

February 8, 1932, F. F. Wear executed and delivered to the respondent a promissory note in the sum of $146.70, which was secured by a chattel mortgage upon certain personal property, referred to as coffee shop equipment. Subsequently, the chattel mortgage was foreclosed by notice and sale through the sheriff's office of King county, and was purchased at the sheriff's sale, which took place January 30, 1933, by the appellants, Howard Bargreen and Edna C. Bargreen. Further reference to these parties will be made as though Howard Bargreen was the only party on that side of the controversy.

After the execution of the note and before the time of the foreclosure, Wear had gone to the state of California to reside. January 22, 1933, he wrote the appellant Bargreen that the coffee shop equipment was to be sold at public auction, specifying the time, and suggested to Bargreen that it might ''be a splendid chance for you to get an outfit cheap.'' This was the first knowledge that Bargreen had that the sale was to take place. Bargreen purchased the property, and thereafter he received from the sheriff's office a bill of sale

covering the same. Sometime later, two witnesses, who had had a conversation with Bargreen relative to the capacity in which he purchased the property, stated, in effect, that he said that he bought it for Wear to protect him, and was holding it for him. The purchase price, the sum of twenty-five dollars, was paid by Bargreen out of his own funds.

After the purchase, it appears that Bargreen wrote a letter to Wear, but the letter was not produced upon the trial, and the court sustained an objection on the part of the respondent to oral testimony as to its contents. It does appear, however, from the reply which Bargreen received from Wear, inferentially, that Bargreen had stated in his letter that, if at any future time Wear desired to repurchase the property, he would sell it to him at a fair price. As above indicated, this action was brought to recover the balance due on the note.

As stated in the respondent's brief, the only question in the case is whether Bargreen was "holding the property in question as agents for the defendant Wear." The issue presented was the title to the property, and the burden of showing that Bargreen held it as the agent for Wear rested upon the respondent. *Wolfe v. Hoefke,* 124 Wash. 495, 214 Pac. 1047. The respondent cannot prevail in this action unless the evidence would have been sufficient to sustain the right of Wear to recover the property, had he so sought. In other words, the respondent has no greater right than Wear would have had. *Austin v. Wallace,* 117 Wash. 61, 200 Pac. 566; *Wolfe v. Hoefke,* 124 Wash. 495, 214 Pac. 1047.

There is no evidence supporting the respondent's contention that Bargreen held the property as agent for Wear, except the testimony of the two witnesses as to Bargreen's statement that he was holding

it for Wear, which he, Bargreen, denied. Evidence of verbal declarations of the adverse party, where there are no other facts or circumstances corroborating the same, are not sufficient to sustain the verdict of a jury upon a vital issue. *Ludberg v. Barghoorn,* 73 Wash. 476, 131 Pac. 1165; *Jones v. Harris,* 122 Wash. 69, 210 Pac. 22; *Low v. Colby,* 137 Wash. 476, 243 Pac. 18, 247 Pac. 475. If such evidence is not sufficient to sustain the verdict of a jury, it necessarily follows that it would not be sufficient to sustain a finding made by the court.

In the case now before us, there are no facts or circumstances corroborating the testimony of the two witnesses as to Bargreen's declarations. The postcard mentioned and the letter from Wear to Bargreen, as well as the manner in which the latter dealt with the property after it was purchased, so far as they have any significance, tend to support the position of Bargreen that he did not purchase and hold the property as the agent of Wear, but that it was an outright purchase for himself. The fact that he may have said that, at some future time, if Wear desired to repurchase the property, he would sell it to him at a fair price, is of no controlling importance.

The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the proceeding.

MILLARD, C. J., BEALS, TOLMAN, and GERAGHTY, JJ., concur.