No. 9533.

THE EVANSVILLE, ROCKPORT AND EASTERN RAILWAY
COMPANY v. HARRINGTON.

NEGLIGENCE.—*Question of Fact.—Evidence.—Supreme Court.*—In an action for an injury alleged to have been occasioned by the negligence of the defendant's servants and employees, the fact of such negligence and whether any fault of the plaintiff contributed to the injury, are questions for the jury, and where the evidence, in such case, though conflicting, tends to support the verdict, the Supreme Court will not disturb it.

From the Warrick Circuit Court.

*A. Iglehart, J. E. Iglehart,* —— *Armstrong* and —— *Cochran,* for appellant.

*E. Gough,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellant, claiming damages for injuries sustained in being shaken from the rear platform of one of the appellant's cars, through the negligence of appellant's servants, in starting the car while the appellee was getting off, at Booneville, his place of destination.

The complaint contained the averment that the plaintiff was without fault.

The defendant answered by a general denial; the issue was tried by a jury, who found for the plaintiff $150.

The defendant moved for a new trial, alleging that the verdict was not sustained by sufficient evidence, and was contrary to law and the evidence. This motion was overruled and judgment was rendered upon the verdict. The defendant appealed.

The only error assigned is that the court erred in overruling the motion for a new trial, and the only point, made and discussed in the appellant's brief, is that the evidence was insufficient to support the verdict.

The appellant's counsel say: " It " (the injury) " was manifestly his " (the plaintiff's) " own fault; the uncontradicted evidence shows a clear case of contributory negligence."

The questions, whether the injury was done by the negligence of the appellant's servants, and whether any fault of appellee contributed thereto, were questions for the jury; by their verdict they found, on both questions, against the appellant; there was conflicting testimony, but there was evidence tending to support the verdict.

Such being the case, this court can not set the verdict aside upon the mere preponderance of the testimony. *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Jordan* v. *D'Heur,* 71 Ind. 199; *Talbott* v. *Kennedy,* 76 Ind. 282; *Floore* v. *Steigelmayer,* 76 Ind. 479; *Locke* v. *Falk,* 76 Ind. 520; *Abshire* v. *Williams,* 76 Ind. 97.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.