## KING v. LAYCOCK POWER HOUSE COMPANY.

[No. 7,137.   Filed October 25, 1910.]

1. MASTER AND SERVANT.—*Statutes.*—*Failure to Observe.*—*Negligence.*—*Proximate Cause.*—A master's failure to comply with a statutory requirement constitutes negligence *per se;* but a servant, to recover for injuries received, must show that such failure to comply was the proximate cause of his injuries.   p. 423.

2. PLEADING.—*Complaint.*—*General and Specific Averments.*—Specific allegations in a complaint control the general allegations. p. 423.

3. MASTER AND SERVANT.—*Unguarded Elevators.*—*Purpose of Guarding.*—The object of the statute (§3860 Burns 1908, Acts 1903 p. 151, §2) requiring elevators to be properly guarded, is to prevent persons from falling into the unguarded opening in the floor.   p. 423.

4. MASTER AND SERVANT.—*Unguarded Elevator.*—*Negligence.*—*Complaint.*—*Conclusions.*—A complaint alleging that defendant

ordered the plaintiff to take some timbers on an unguarded elevator to the fourth floor of defendant's building, that the plaintiff did so, and that in removing the timbers from the elevator they tipped up, throwing plaintiff off the elevator, that plaintiff fell through the opening, and "that if there had been a fence, railing or barrier four feet high on the floor below him, as required by law, he could have reached it with his feet and saved himself from falling," is bad, since it does not show that he was thrown because of defendant's negligence, the last averment being a mere conclusion.  p. 423.

From Marion Circuit Court (16,594) ; *Henry Clay Allen,* Judge.

Action by Alvin King against the Laycock Power House Company.  From a judgment for defendant, plaintiff appeals.  *Affirmed.*

*Hefron & Harrington* and *J. E. Martin,* for appellant.
*John W. Kern,* for appellee.

COMSTOCK, C. J.—Appellant filed his amended complaint in two paragraphs in the court below, to recover damages for personal injuries sustained by him through the alleged negligence of appellee.

A separate demurrer for want of facts was sustained to each of said paragraphs, and, appellant refusing to plead further, judgment was rendered in favor of appellee and against appellant for costs.

The only error assigned is the action of the court in sustaining the demurrer to the first paragraph of the amended complaint.

Said paragraph alleges that on April 6, 1907, defendant was engaged in constructing a building; that it was using an elevator or hoisting machine therein for the purpose of hoisting material; that said elevator was constructed with a platform about eight feet square, and was not enclosed, nor had it any railing, fence of barrier on any side to protect persons and workmen who were being transported thereon; that said elevator passed through openings in the four floors of said building, and defendant negligently

failed to erect any fence, railing or barrier around any opening through which the elevator passed; that on said date plaintiff was in defendant's employ, a part of his duties being to transport timber and other materials, used in the construction of the building, on said elevator from the first to the fourth floor; that on said day defendant, knowing that the elevator was not safeguarded as the law required, ordered plaintiff to hoist on said elevator, from the first to the fourth floor, a piece of timber, four inches wide by four inches thick, and eighteen feet long; that on account of the length of said timber plaintiff had to stop the elevator near the third floor, in order to deliver said timber on the fourth floor; that while thus engaged in the line of his duty, in attempting to shove said timber onto the fourth floor, it became overbalanced, the lower end tipped up, and threw the plaintiff off said elevator platform; that in falling he grasped the outer edge of the platform of the elevator and swung down, and had there been a fence, railing or barrier four feet high on the floor below him, as the law requires, he could have reached it with his feet and saved himself from falling, but his grasp of the elevator platform broke, and, because there was no barrier or fence on the floor below him, he fell to the basement of said building, thereby bruising, wounding and permanently injuring him; that his injuries were caused by the negligence and unlawful conduct of defendant in failing to enclose said elevator shaft or opening in each floor by a barrier at least four feet high and of suitable material, and especially in negligently failing to enclose on all sides the elevator opening in the third floor of said building.

Said paragraph is based on Section 3860 Burns 1908, Acts 1903 p. 151, §2, which reads thus: "If any firm, person or corporation use or cause to be used any elevating machines or hoisting apparatus in the construction or building of any building or other structure for the purpose of lifting or elevating materials to be used in such construction, such

firm, person or corporation engaged in constructing such building shall cause the shafts or openings in each floor to be enclosed or fenced in on all sides by a barrier of suitable material at least four feet high."

 The failure of the master to comply with a statutory requirement is negligence *per se;* but to make the mas-

1. ter liable for injuries to a servant by reason thereof it must appear that the failure to comply with the statute was the proximate cause of the injury.

2. General averments of negligence are controlled by facts specifically set out.

The statute requires that the openings on each floor shall be enclosed by a fence or barrier four feet high. The purpose of the barrier is to prevent workmen and others

3. from falling into an unguarded opening in the floor. The distance from such opening at which such barrier is to be erected is not designated. The averments of the complaint show that plaintiff, between the third and

4. fourth floors, stopped the elevator, "to shove" a piece of timber onto the fourth floor; that in doing this the timber overbalanced, tipped up the lower end, and threw the plaintiff off the elevator platform. It is not alleged that he was thrown from the elevator platform by reason of the negligence of appellee. The averment, "that if there had been a fence, railing or barrier four feet high on the floor below him, as required by law, he could have reached it with his feet and saved himself from falling," is the mere conclusion of the pleader, and no facts are stated showing the basis upon which the conclusion is founded.

 The case of *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 84 Am. St. 292, strongly relied on by appellant as decisive of the question, is distinguishable from this case.

 Judgment affirmed.