# JEFFERSONVILLE MANUFACTURING COMPANY v. HOLDEN.

[No. 22,389. Filed June 4, 1913. Rehearing denied October 17, 1913.]

1. MASTER AND SERVANT.—*Dangerous Machinery.—Guards.—Statutory Provisions.—Validity.—"Proper."*—Section 8029 Burns 1908, Acts 1899 p. 231, §9, providing that all vats, pans, saws, etc., and machinery of every description shall be properly guarded, is not invalid for uncertainty, since the language "shall be properly guarded," when considered in connection with the other language of that section, and the other sections of the act, clearly means that such safeguard is required as will protect the life and limbs of employes engaged about dangerous machinery or appliances where the same can be done without impairing their usefulness; the term "proper" as thus used, meaning fit, suitable, appropriate. p. 304.

2. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.*—The doctrine of assumption of risk is not applicable in a case where the injury results from the breach of a statutory duty. p. 305.

3. NEGLIGENCE.—*Breach of Duty Imposed by Statute or Ordinance.—Negligence Per Se.*—The failure to perform a duty imposed either by a statute or an ordinance is negligence *per se.* p. 305.

4. MASTER AND SERVANT.—*Injuries to Servant.—Dangerous Machinery.—Proximate Cause.—Complaint.*—In a servant's action for personal injuries, a complaint alleging the dangerous character of the machine operated by plaintiff, that a proper guard could have been placed on said machine without interfering with its proper operation, that defendant negligently failed to guard same, that in operating said machine plaintiff's hand was suddenly thrown in contact with the knives and was injured, that if the machine had been guarded the injury would not have occurred, and that the injury was caused by defendant's negligence in failing to provide a guard, sufficiently shows that the failure to properly guard the machine was the proximate cause of the injury. p. 306.

5. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.—Ambiguity.—Repugnancy.*—A complaint in a servant's action for personal injuries, which, in addition to averments showing the dangerous character of the machine, that it could have been properly guarded, but was not, and that plaintiff's in-

jury was the proximate result of defendant's failure to guard same, also contained averments showing that a guard had been provided, but that the same was defective and insufficient, is not open to the objection that it is ambiguous or repugnant.   p. 307.

6.   TRIAL.—*Verdict.—Answers to Interrogatories.*—A general verdict will not be defeated by isolated facts disclosed by answers to interrogatories, unless such facts are so contradictory to the general verdict that both cannot be true under any conceivable state of facts provable under the issues.   p. 307.

7.   APPEAL.—*Review.—Verdict.—Answers to Interrogatories.*—In determining whether the trial court erred in overruling a motion for judgment on the jury's answers to interrogatories notwithstanding the general verdict, the court on appeal cannot look to the evidence, but only to the complaint and answer, and to the general verdict and the answers to the interrogatories.   p. 307.

8.   APPEAL.—*Review.—Conflicting Evidence.—Conclusiveness of Verdict.*—The court will not weigh the evidence on appeal, and where there is evidence, although conflicting, tending to support the verdict, the finding of the jury is conclusive.   p. 308.

9.   MASTER AND SERVANT.—*Injuries to Servant.—Duty to Guard Dangerous Machinery.—Instructions.*—An instruction that the factory act makes it the imperative duty of a master to properly guard dangerous machinery when it can be done without interfering with its proper operation, that violation of such act is negligence and that it is no defense that a factory inspector had directed a certain device to be used as a guard, that the only way that a master can escape liability is to secure a proper and sufficient guard and furnish the machine with it, that the fact that other manufacturers are using an imperfect and insufficient guard is no justification or excuse for such master violating the statute, and that he is bound to know and comply with its requirements, cannot be said to be erroneous where it does not purport to cover all the facts essential to recovery, and the subject of contributory negligence is fully covered in other instructions.   p. 308.

10.   MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Contributory Negligence.—Instructions.*—In an action for injuries to a servant by an unguarded machine, an instruction that if the machine was not guarded, the act of plaintiff in continuing to operate same with knowledge of that fact would not necessarily constitute contributory negligence, and that if plaintiff, while exercising ordinary care and prudence, was injured because the machine was not guarded in the particular alleged in the complaint, and, if the jury found that the machine was one which defendant was required to guard, and that it

could have been guarded without interfering with its proper operation, the verdict should be for plaintiff, although the plaintiff may have known that the machine was not properly guarded, was not erroneous. p. 309.

11. MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Instructions.*—In an action for injuries to an employe alleged to have been caused by an unguarded machine, instructions given at plaintiff's request which called the jury's attention to the defendant's claim that there was a guide or fence on the machine which could have been used as a guard and that another device was furnished as a guard, and informing the jury as to the manner of the use of either as a guard, and as to whether either was a proper guard, the conduct of plaintiff in the use of the machine with either as a guard, and as to the duty of defendant to furnish a proper guard, was proper. p. 309.

12. MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Instructions.*—In an employe's action for injuries caused by an unguarded machine, an instruction applicable to the facts as disclosed by the record and stating that if the jury found that guards similar to the one used on the machine were used in other manufacturing establishments, such fact would not relieve the defendant from liability, if it was found that the guard was not a proper one and that a proper one could have been used without interfering with the proper use of such machine, was not erroneous. p. 310.

13. MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Instructions.—Refusal.*—In an employe's action for injuries alleged to have resulted from the master's failure to properly guard a machine, requested instructions which undertook to tell the jury that what is a proper guard may be determined by finding if the guard on the machine was similar to those in use by others, and if so, then the use of such guard would be ordinary care, were properly refused. p. 310.

14. MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Instructions.—Refusal.*—In an employe's action for injuries in operating a machine alleged not to have been properly guarded, a requested instruction stating that a guard, to be proper, would require the approval and indorsement of "a considerable proportion of careful, prudent, skilful, considerate and experienced persons in the line of business" of defendant, and that before the failure to adopt such suggested guard would be negligence, it should command the commendation of the consensus of the careful, prudent, skilful, intelligent persons in the same line of business as defendant, was properly refused. p. 310.

15. APPEAL.—*Review.—Refusal of Instructions.*—The refusal of an instruction fully covered by the instructions given is not error.

16. APPEAL.—*Review.*—*Refusal of Instructions.*—*Confusing and Misleading Instructions.*—An instruction which was so prolix, verbose and tedious as to make it wearisome and confusing, was properly refused. p. 310.

17. APPEAL.—*Review.*—*Exclusion of Evidence.*—The exclusion of evidence on questions and answers stricken from depositions is not cause for reversal, where the same subject-matter was covered by the same witnesses and the questioned evidence went to the jury in a proper manner. p. 311.

18. DAMAGES.—*Amount of Recovery.*—*Review on Appeal.*—*Excessive Damages.*—Where liability exists, the question as to the amount of damages to be awarded is for the jury under the supervision of the court, and its award will not be disturbed on appeal, unless it appears from the record that the amount is so grossly excessive as to induce the belief that the jury was actuated by prejudice, partiality or corruption. p. 311.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Thomas A. Holden against the Jeffersonville Manufacturing Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elmer E. Stevenson* and *J. H. Edwards,* for appellant.

*George H. Voigt, Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

SPENCER, C. J.—Appellee recovered judgment for two thousand dollars in the court below in an action against appellant to recover damages for personal injuries sustained by him by reason of the alleged violation of §8029 Burns 1908, Acts 1899 p. 231, generally known as the factory act.

In prosecuting an appeal to this court appellant seeks

1. to have §§8021-8047 Burns 1908, Acts 1899 p. 231, declared "unconstitutional, void and invalid" and particularly insists that §8029, *supra,* is invalid for uncertainty, in that the language thereof makes it the duty of the owner, his agent, superintendent or other person in charge of a manufacturing establishment, where such machinery as that on which appellee was injured is operated, to have the same "properly guarded". When the language "shall be properly guarded" is considered in connection

with the other language of that section, and the other sections of the act in question, it is clear that it means a safeguard to protect the life and limbs of employes engaged about dangerous and hazardous machinery and mechanical appliances, where such can be so guarded without impairing their usefulness. What the size or shape of such guard shall be is not specifically stated in the statute which requires only that it shall be proper, and the term "proper" as thus used means fit, suitable, appropriate. The statute is not subject to the criticism of appellant. *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340; *Booth* v. *State* (1913), 179 Ind. 405, 100 N. E. 563; *Kirchoff* v. *Hohnsbehn Creamery Supply Co.* (1910), 148 Iowa 508, 512, 123 N. W. 210.

Appellant contends that the court erred in overruling its demurrer to each of the paragraphs of complaint for the reason that, the statute being void, "neither paragraph of the complaint states a cause of action under the common law as it is shown by the facts alleged that the plaintiff assumed the risk, the conditions and dangers being well known to him." But we have seen that the statute is not invalid and the charge of negligence in each paragraph of complaint being a violation of statutory requirements, there could be no assumption of risk. The doctrine of assumption of risk does not apply to a case where the injury occurs by reason of the negligent non-observance of a positive and fixed duty enjoined by a statute. *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 114, 88 N. E. 1073, 89 N. E. 485, and cases cited; *Indianapolis, etc., R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030; *Island Coal Co.* v. *Swaggerty* (1903), 159 Ind. 664, 667, 62 N. E. 1103, 65 N. E. 1026; 26 Cyc. 1180.

"The failure to perform any duty imposed either by a statute or an ordinance is negligence *per se.*" *Pennsylvania Co.* v. *Hensil* (1880), 70 Ind. 569, 574,

36 Am. Rep. 188. See, also, *Wabash R. Co.* v. *Beedle* (1910), 173 Ind. 437, 442, 90 N. E. 760; *King* v. *Laycock, etc., Co.* (1910), 46 Ind. App. 420, 423, 92 N. E. 741.

It is next urged that the first and second paragraphs of complaint are insufficient to withstand the demurrer for the reason that it is not directly alleged that the failure of appellant to guard its machine was the proximate cause of appellee's injury. The first paragraph alleges, in substance, that in the operation of the wood-worker (jointer machine) there is danger that while the person operating the same runs the wood over the knives it would be thrown back suddenly and the hand of the operator be thereby brought in contact with the knives; that a proper guard could have been placed on the machine without interfering with its proper operation; that such guard would have protected the knives and prevented any injury from the aforesaid danger; that appellant, in violation of the statute, negligently failed to provide such guard and the machine was without such guard; that while appellee was operating the machine and holding a piece of wood on the table of the same and running it over the knives, the wood was suddenly thrown back by the operation of the machine, thereby causing appellee's hand to come in contact with the knives and be thereby injured; that if such guard had been placed on the machine his hand would not have come in contact with the knives; that the injury was caused by the negligence of appellant in failing to provide the machine with such guard.

The second paragraph contains allegations similar to those of the first paragraph and further avers that appellant had provided the machine in question with "a guard consisting of a board, attached to the table of said machine with a screw and placed on said table in such a position that it would cover said aperture" through which the knives protruded but "that to make said guard a proper one and one that would safely guard said knives and prevent injury from

the danger aforesaid, it should then and there have been
provided with a spring to hold said guard against the mate-
rial run over said table for the purpose of being sawed and
to completely cover said aperture above said knives the
instant such material was removed; that said guard with
such spring would then and there have guarded said knives
and prevented any injury from the danger aforesaid."

Each paragraph alleges facts sufficient to show that the
failure to guard the machine properly was the proximate
cause of the injury, and there was no error in overruling
the demurrer on that ground. It is further insisted,
however, that the second paragraph of complaint
is defective because it is "ambiguous, and uncertain
if not repugnant." In our opinion it is not subject to this
criticism and states a good cause of action.

Appellant earnestly endeavors to show error in overruling
its motion for judgment on the answers to interrogatories.
In determining this question we must be guided by
the following rules laid down by this court: "a gen-
eral verdict will not be defeated by isolated facts dis-
closed by answers to interrogatories, unless such facts are
shown to be so repugnant and contradictory to the general
verdict that both cannot be true under any conceivable state
of facts provable under the issues." *Indiana R. Co.* v.
*Maurer* (1903), 160 Ind. 25, 27, 25 N. E. 156.

"In determining this question, we cannot look to the evi-
dence, but only to the complaint, answer, and general ver-
dict, and the answers of the jury to the interroga-
tories." *Consolidated Stone Co.* v. *Summit* (1899),
152 Ind. 297, 300, 53 N. E. 235.

No purpose can be served by setting out the 191 interroga-
tories and answers in this opinion, but it is sufficient to say
that no such conflict between the general verdict and the
answers to interrogatories is shown as would warrant the
striking down of the general verdict, especially in view of
appellant's statement "that facts are found in the answers

to the interrogatories in this case that are favorable to appellee.''

Under the motion for a new trial herein, the next question presented for consideration is the sufficiency of the evidence. That there is a conflict in the evidence is apparent, but it is not the province of this court to weigh the same. When there is legal evidence tending to support a verdict, the finding of the jury concludes the question. *Continental Life Ins. Co.* v. *Yung* (1888), 113 Ind. 159, 15 N. E. 220, 3 Am. St. 630; *Evansville, etc., R. Co.* v. *Harrington* (1882), 82 Ind. 534.

Appellant next contends, and discusses in its brief, that the court erred in submitting to the jury instructions Nos. 9, 11, 15, 16, 18 and 24, at the request of appellee, and in refusing instructions Nos. 1, 5, 14, 18, 19 and 39 tendered by appellant. Instruction No. 9 is as follows: ''The factory act which requires certain machinery such as saws, planers and sharpers to be guarded makes it the imperative duty of the master or person coming within its provisions to properly guard such machinery when it can be done without interfering with its proper operation and for such master to violate the provisions of such act is negligence on his part. It is no defense for the master to say that a factory inspector examined the machine and directed a certain device to be used as a guard. I instruct you that where a master is by said statute required to furnish a guard, the only way that the master can escape liability is to secure a proper and sufficient guard and furnish such machine with it. The fact, if it be a fact, that other manufacturers are using an imperfect and insufficient guard is no justification or excuse for such master to violate such statute. The master is bound to know and comply with the requirements of such guard statute.'' If this instruction stood alone it would hardly suffice to say that it referred only to the kind of guard appellant was required to furnish,

but it does not purport to cover all the facts necessary to recovery by appellee, and the subject of contributory negligence being fully and completely covered in other instructions given, we can not say that it is such error as would warrant a reversal.

Instruction No. 11 is not subject to the objections urged against it by appellant. By this instruction the jury was properly informed that if the machine was not properly guarded and appellee knew that fact and with such knowledge continued to work on and about the machine, he would not necessarily be guilty of contributory negligence. The instruction further contained this language: "If you find that the plaintiff, while using ordinary care and prudence was injured upon said machine * * * because said machine was not guarded in the particular alleged in the complaint if it was not guarded, and if you find that the defendant was required to so guard said machine, and you find that it could have been guarded without interfering with its proper operation, then your verdict should be for the plaintiff, although you should find that the plaintiff knew that such machine was not properly guarded." This instruction was not erroneous.

Instructions Nos. 15, 16 and 18, given as tendered by appellee, may be considered together. They each call the jury's attention to the claim of appellant that there was a guide or fence on the machine which might have been used as a guard and that there was another device furnished as a guard; the manner of the use of either as a guard and whether either was a proper guard; the conduct of appellee in the use of the machine with either as a guard, and the requirement of appellant to furnish a proper guard were all matters on which, under the issues, it was proper to instruct the jury.

Instruction No. 24 is as follows: "If you should find from the evidence that guards similar to the one used on the

machine referred to were in other manufacturing establishments such fact would not relieve the defendant from liability, if you find that the guard used was not a proper one, and that a proper one could be used without interfering with the proper operation of said machine.'' This was not erroneous under the facts disclosed by the record.

Of the instructions tendered by appellant and refused by the court No. 1 undertakes to tell the jury that what is a proper guard may be determined by finding if the guard on the machine was similar to those in use by others; that the use of such a guard would then be ordinary care. This instruction seems to be an adroit effort to direct the jury to determine ordinary care by comparative means. It was properly refused. Instructions Nos. 5 and 14 are subject to the same criticism.

Instruction No. 18 would tell the jury that a guard to be proper would require the approval and endorsement of ''a considerable proportion of careful, prudent, skilful, considerate and experienced persons in the line of business'' of appellant and that before the failure to adopt such suggested guard would be negligence it should command the commendation of the consensus of the careful, prudent, skilful, intelligent persons in the same line of business as appellant. We cannot subscribe to this being the law.

Instruction No. 19 told the jury, in effect, that in determining what was a proper guard it should be guided by conditions as they existed at the time of the accident. This subject was fully and fairly covered by the instructions given.

Instruction No. 39 undertakes to minutely and specifically describe the use of a ''guide'' as a guard to cover the knives, and charges that its use by appellee in the manner described was contributory negligence. This

instruction is so prolix, verbose and tedious as to make it wearisome and confusing. It was properly refused.

It is next contended that there is reversible error in the admission and exclusion of certain evidence. We have carefully examined the record on these points and

17. nowhere find that evidence was admitted which was erroneous and harmful; that in each instance where evidence was excluded on questions and answers stricken out of depositions, the same subject-matter was covered by the same witnesses and the questioned evidence seems to have gone to the jury in a proper manner.

Lastly, it is insisted that the damages awarded are excessive. The rule laid down by this court in *Cleveland, etc., R. Co.* v. *Harrison* (1912), 178 Ind. 324, 98 N. E. 729,

18. 731, on this subject is applicable here: ''In such case, where liability is determined ＊ ＊ ＊, then the question as to the amount of damages to be awarded is a matter to be determined by the triers of the facts, under the supervision of the trial court, and unless the record discloses that the amount is so grossly excessive as to make it so appear at first blush, this court will require that it be pointed out wherein the record so discloses, to such extent as to induce the belief that the jury was actuated by prejudice, partiality or corruption.''

We find no reversible error in the record.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 21. See, also, under (1) 26 Cyc. 1134; (2) 26 Cyc. 1180; (3) 29 Cyc. 436; (4) 26 Cyc. 1389; (5) 26 Cyc. 1384; (6) 38 Cyc. 1929; (7) 38 Cyc. 1930; (8) 3 Cyc. 348; (9, 11) 26 Cyc. 1491; (10) 26 Cyc. 1507; (12) 26 Cyc. 1134, 1491; (13) 26 Cyc. 1497; (14) 26 Cyc. 1133, 1497; (15) 38 Cyc. 1711; (16) 38 Cyc. 1602; (17) 38 Cyc. 1430; (18) 3 Cyc. 381. As to liability of employer to employe for dangerous machinery, see 77 Am. Dec. 218; 98 Am. St. 289. As to the assumption of risk on failure of the employer to perform a statutory duty, see 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210. For common practice as the measure of master's duty to guard machinery, see 16 L. R. A. (N. S.) 140. As to what is comprehended in expres-

sion "machinery of every description," in statutes imposing duty on master as to placing guards, see 30 L. R. A. (N. S.) 36. On employe's right of action for employer's violation of statutory duty as to guards about machinery, see 9 L. R. A. (N. S.) 381. On the question of assumption of risk of master's breach of statutory duty generally, see 6 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 646; 22 L. R. A. (N. S.) 634; 33 L. R. A. (N. S.) 646; 42 L. R. A. (N. S.) 1229.