JAMES J. PHEGLEY *v.* BARBARA RUTH HUFFMAN, ADMX.

[No. 1168A184. Filed June 28, 1971. Rehearing denied July 29, 1971. Transfer denied November 29, 1971.]

*John J. McFaddin, Raymond O. Evans, Keith C. Reese, Thomas P. Ledgerwood, Rocap, Rocap, Reese & Young,* of counsel, of Indianapolis, for appellant.

*Malcolm Aukerman, Carl F. Henthorn, Harding, Harding & Henthorn,* of counsel, of Crawfordsville, *Hansford C. Mann, Mann, Mann, Chaney Johnson & Hicks,* of counsel, of Terre Haute, for appellee.

WHITE, J.—On February 3, 1966, decedent William E. Huffman, while driving his automobile northbound on Indiana State Highway No. 63 in Vermillion County north of Newport, was fatally injured in a collision with a southbound truck owned by defendant-appellant Phegley and driven by his employee Michael Gardner. Decedent's administratrix brought this wrongful death action against Phegley, only, based on alleged negligent operation by the truck driver Gardner. Trial to a jury resulted in a plaintiff's verdict awarding

damages of $240,000.00. Five alleged errors are asserted as grounds for reversal.

## I.

## DEFENDANT-APPELLANT'S INSTRUCTION NO. 10.

Defendant's tendered instruction No. 10 told the jurors that if they were unable to determine whose fault, if any, caused the collision their verdict should be for the defendant. While this instruction is by no means identical to defendant-appellant's tendered and refused instruction No. 8 in *Indianapolis Transit System, Inc.* v. *Williams* (Ind. App. 1971), 269 N. E. 2d 543, 547, 25 Ind. Dec. 482, 487, what we said in that opinion concerning the refusal to give that instruction is equally applicable here. In both cases other instructions given had adequately informed the jury of the principles the refused instruction would have reiterated.

## II.

## PLAINTIFF-APPELLEE'S INSTRUCTION NO. 10.

We find no merit in the contention that because plaintiff's instruction No. 10 quotes several statutes and I. C. C. regulations (stating that the violation of any thereof without justification or reasonable excuse would constitute negligence) it is objectionable as a violation or evasion of old Rule 1-7, now TR 51(D), which limits each party to the tender of ten requested instructions, each to be confined to one relevant legal principle. It follows the format of Indiana Pattern Jury Instruction No. 15.01. The comment thereunder states, in part:

"Where more than one statutory violation is charged against a party it would seem better practice to incorporate all the statutory provisions within one instruction . . . . To avoid repetition and, perhaps, undue emphasis, and to eliminate several specific instructions where one instruction would suffice, the part of the statute applicable to each of the violations charged should be set out in the body of the instruction."

That reasoning is persuasive and we have not been shown why it does not apply here. Appellant does indirectly suggest, by citing *Jeffersonville Manufacturing Company* v. *Holden* (1913), 180 Ind. 301, 310, 102 N. E. 21, 25, that this instruction is so prolix, verbose and tedious as to make it wearisome and confusing. Because it quotes several statutes, it is quite long by necessity, but to have made it into several instructions may have added even greater over-all length.

Appellant also objected because the instruction quoted statutory speed regulations when there was no evidence of excessive speed. The fact that no witness expressed an opinion as to the speed of the truck does not mean that there was no evidence. There was ample evidence of a circumstantial nature from which excessive speed could reasonably have been inferred. Appellant's arguments with respect to that evidence demonstrate only that excessive speed is not an inescapable inference—that the circumstances are consistent with a contrary hypothesis. We are not here dealing with proof beyond a reasonable doubt, but merely by the greater weight of the evidence. It is not necessary, in a civil case, that circumstantial evidence exclude every other reasonable hypothesis inconsistent with the fact it is adduced to prove. *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 516, 98 N. E. 2d 200, 212.

## III.

### COUNSEL'S STATEMENT ON VOIR DIRE

The record or transcript contains what is denominated "Special Bill of Exceptions Number One Containing Defendant's Motion for Mistrial and Discharge of Jury." The trial judge's certificate thereto is that "the undersigned does now certify the same to be full, true, correct and complete; that this Special Bill of Exceptions Number One [containing Defendant's Motion for Mistrial and Discharge of Jury][1]

---

1. These brackets and the words enclosed therein are a part of the certificate. They are not our interpolation.

correctly sets forth and contains all of these proceedings surrounding said motion." The Bill itself does not begin with the usual "BE IT REMEMBERED . . ." clause or any other introductory words to indicate the nature of what follows. In its entirety it reads:

"*HEARING ON APRIL 22, 1968*

"*BY THE COURT TO MR. RAYMOND EVANS:*

'You may make your objection now for the record.'

"*BY MR. EVANS TO THE COURT:*

'Your Honor, the defendant objects to the statement of counsel for the plaintiff in the interrogation of the witness, Mrs. Betty J. Hamm, when he made the statement to her in substance, in a case like this where the plaintiff has been unable to secure a settlement, we say that this is prejudicial, harmful, cannot be rectified, and we respectfully move for a mistrial, and that the jury be discharged.'

"*BY MR. HENTHORN TO THE COURT:*

'I can respectfully say to the Court that I had not finished the statement at the time the objection was made. I think that my question when completed certainly would be within the realm of voir dire examination.'

"*BY THE COURT:*

'I am going to permit you to finish your question, then if they want to renew their objection, they may, and then I will rule on it.'

"*BY MR. EVANS TO THE COURT:*

'The defendant renews its motion for a mistrial and that the jury be discharged for the reason that prejudicial statements have been made to the jury which cannot be corrected, which were originally in substance, that in the case where the plaintiff has been unable to secure a settlement. I recognize that after the objection was made the statement was changed and was not the same as to what was objected to. This goes on the basis that the plaintiff is entitled to a settlement, it injects into the minds of the jury that should not be injected, and it presumes that the defendant has an obligation to offer some type of a settlement, which, of course, is not true, therefore, for these errors we renew our motion for the discharge of the jury.'

*"BY THE COURT:*

'Motion overruled.' "

If the trial judge's certificate (and the reporter's nearly identical certificate) that the Bill "contains all of these proceedings surrounding said motion" is understood in its strict literal sense, no *voir dire* question was a part of any proceedings surrounding the colloquy set forth in the Bill. And even if understood in a sense most favorable to appellant, the Bill still fails to show what question (complete or incomplete) was asked. If we assume that a question containing the words, "in a case like this where the plaintiff has been unable to secure a settlement" was put to a prospective juror during the examination as to her qualifications to sit as a juror, we would be inclined to believe that such a question would be prejudicial to the defendant. Yet how can we know the meaning of those quoted words without knowing the context in which they were stated?

Appellant attempts to excuse his failure to present a complete bill of exceptions by suggesting that he did the best he could in view of the fact that the court reporter was not taking down the examination, but was called in to take down the statement when it was repeated. Why no attempt was made to present a bystander's bill of exceptions containing the entire question (and as much else as would be necessary to its proper understanding) is not explained. See *State, ex rel.* v. *Deupree* (1907), 40 Ind. App. 492, 81 N. E. 678; Flanagan, Indiana Trial and Appellate Practice, § 2279; *Benson* v. *Christian* (1891), 129 Ind. 535, 539, 29 N. E. 26.

We do not approve attempts by counsel to bring inadmissible and prejudicial evidence before the jury during examination of prospective jurors or at any other stage of the proceedings. If that is what occurred here we regret that it was not made a part of the record. But even though some suspicion of misconduct has been raised by what has been

brought into the record, we can neither condemn nor reverse on mere suspicion.

## IV.

## CROSS EXAMINATION OF DEFENDANT-APPELLANT

The driver of defendant's truck, Michael Gardner, although apparently amenable to subpoena by either party, was not called as a witness and did not testify, either in person or by deposition. Defendant-appellant Phegley, the owner of the truck and the driver's employer, although he was not a witness to the accident, testified as a defense witness. In the course of his direct examination he was asked and testified that Michael Gardner, the driver of his truck in the accident on February 3, 1966, had then been his driver continuously since December 7, 1965. He volunteered that Gardner had continued to drive for him quite a while after the accident. On cross-examination he was asked and answered without objection several questions concerning what investigation he made of drivers before employing them, the substance of his answers being that he knew his drivers, but not necessarily their records before hiring and sending them out. The following then ensued:

"Q.   Let's put it this way, did you know at the time that you hired Michael Gardner that he had already been involved in two . . . . .

"[Defense Counsel:]   Just a minute. That is very objectional. Will the Court please admonish Mr. Mann not to ask questions like that?

"BY THE COURT:   The Jury please go to the Jury Room.

"JURY RETURNS TO JURY BOX:

"BY THE COURT:   The objection that was made will be overruled. Now reask the question so we will be sure we have it on the record.

"Q.   Mr. Phegley, at the time that you employed Michael Gardner to drive your truck for you, did you know that he had, prior to that time, already had two accidents and been convicted for driving on the wrong side of the road when he had those accidents?

"[Defense Counsel:] To which the defendant objects for the reason that this is improper cross-examination, is an attempt to impeach this witness by the conduct of another, and is done only in an attempt to get before the jury some prior record of the driver.

"BY THE COURT:
Objection overruled. You may answer now, Mr. Phegley.

"A. No, I didn't.

"Q. Then did you know that approximately sixty days before you employed him, that he had been convicted of speeding while driving a truck?

"[Defense Counsel:] To which the defendant objects for the reason that there is no issue in the amended complaint here alleging as the cause of negligence, that an improper driver had been hired, and that this testimony is only for the purpose of conveying to the jury matters that could not be gotten to the jury in another way.

"*BY THE COURT:*
The objection is overruled, you may answer.

"A. No, I didn't know."

The evidence which the court thus admitted was prejudicial to defendant in that it tended (quite persuasively one would suppose) to prove that defendant was negligent in the employment of the driver. And the leading form of the question itself clearly suggested that defendant had employed an unfit driver. These were issues which had not been pleaded and defendant eventually objected on that ground, but not until after these issues had already been injected into the case without objection. And when finally the objection was made and overruled defendant failed to make any attempt to claim surprise or to show other reason why he should be given time to prepare to defend against these new issues. Nor did he at any time attempt to preserve his objection by moving for a continuance.[2] On this state of the

2. Ind. Ann. Stat. §§ 2-1066, 2-1067 (Burns 1967); Ind. Rules of Prac., TR 15(B); *Chicago, T.H.&S.E.R. Co. v. Collins* (1924), 82 Ind.

record we must consider the pleadings amended to conform to the evidence.[3]

## V.

## DAMAGES.

Defendant-appellant makes no attempt to show that plaintiff's evidence is insufficient to sustain a verdict of $240,000.00. His sole argument is: "Clearly these errors [the four we have discussed] coupled with a verdict of $240,000.00 show sufficient prejudice and partiality to render the damages excessive." He has made no attempt to challenge the accuracy of appellee's summary of the evidence on damages which appears to demonstrate its sufficiency beyond question.

Both parties to this lawsuit have been represented throughout by past-masters in the art of advocacy. As trial counsel they are second to none in the zeal with which they represent their clients. That zeal has produced heated clashes but it, and the evenly matched skill of counsel, have also produced a fair trial. The verdicts rendered in such trials are usually the inevitable result of the nature of the case—not of particular incidents or rulings. As viewed from the vantage point of disinterest this case appears to be no exception to that rule. Accordingly we heed the admonition of Appellate Rule 15(D) that no judgment shall be reversed "where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

Judgment affirmed.

Hoffman, C. J., and Staton, J., concur.

Sharp, J., not participating.

.Note.—Reported in 271 N. E. 2d 201.

App. 41, 52, 143 N. E. 712, 713; *Wyler v. Lilly Varn. Co.* (Ind. App. 1969), 252 N. E. 2d 824, 829, 19 Ind. Dec. 510, 518.

3. See *General Outdoor Advertising Co. v. LaSalle Realty Corp.* (1966), 141 Ind. App. 247, 218 N. E. 2d 141, 8 Ind. Dec. 611. The other grounds of objection, "very objectionable", "improper cross-examination", "attempt to impeach . . . by . . . [another's] conduct", and "attempt to get [driver's record] before the jury" are so vague and general as to be meaningless.